STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  Docket No. CV-06-404

MAINE EMPLOYERS MUTUAL
INSURANCE CO.,

            Plaintiff,

                                                          DONALD L. GARBRECHT
     v.                                    ORDER             LAW LIBRARY

ROBERT HUTTON, et al,                                      FEB 06 2008

            Defendants.

RECEIVED

Before the court are cross motions for summary judgment by plaintiff Maine

Employers Mutual Insurance Co. (MEMIC) and by defendant Yarmouth Lumber Inc.

This dispute in this case involves whether MEMIC has a duty to defend Yarmouth

Lumber on a workers' compensation claim brought in Massachusetts by a Maine

resident employed by Yarmouth Lumber who was injured while in Massachusetts.

Summary judgment should be granted if there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law. In considering a

motion for summary judgment, the court is required to consider only the portions of the

record referred to and the material facts set forth in the parties' Rule 56(h) statements.

E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702, 704. The facts must be

considered in the light most favorable to the non-moving party. Id. Thus, for purposes

of summary judgment, any factual disputes must be resolved against the movant.

Nevertheless, when the facts offered by a party in opposition to summary judgment

would not, if offered at trial, be sufficient to withstand a motion for judgment as a

matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME

99 ¶ 8, 694 A.2d 924, 926.

## Undisputed Facts

In this case the relevant facts are not disputed. Yarmouth Lumber operates a trucking business out of Gray, Maine, and delivers and picks up goods throughout Maine and the northeastern United States. Yarmouth Lumber had obtained workers' compensation and employer's liability coverage from MEMIC for the period from October 1, 2004 to October 1, 2005. A copy of the MEMIC policy is contained in the record. MEMIC Exhibit A1; Yarmouth Lumber Exhibit 5A.

Robert Hutton, who is a party to this action but has not taken any position with respect to the cross motions for summary judgment, was employed by Yarmouth Lumber at all relevant times. Hutton, who is a resident of Maine, claimed to have suffered an injury in the course of his employment with Yarmouth Lumber on January 12, 2005, when Hutton was located in Massachusetts.

Yarmouth Lumber reported Hutton's alleged injury to MEMIC, and MEMIC filed a First Report of Injury with the Maine Workers' Compensation Board. Thereafter MEMIC proceeded to pay certain claims by Hutton for medical expenses and related benefits under the Maine Workers' Compensation Act.[1] In November 2005 MEMIC filed a first Notice of Controversy with the Maine Workers' Compensation Board asserting that Hutton's injuries did not arise out of and in the course of Hutton's employment with Yarmouth Lumber. In March 2006, MEMIC filed a second Notice of Controversy on the same ground.

MEMIC thereafter received a letter dated March 21, 2006 stating that Hutton intended to pursue his claim for further workers' compensation in Massachusetts

---

[1] There is no dispute that Hutton is entitled to claim benefits under the Maine Workers' Compensation Act even though his alleged injury occurred in Massachusetts.

through the Massachusetts Department of Industrial Accidents. MEMIC then informed Yarmouth Lumber that, in its view, its policy did not cover claims for benefits under the workers' compensation law of Massachusetts and that MEMIC would not defend or indemnify Yarmouth Lumber for any claim brought by Hutton in Massachusetts. MEMIC thereafter filed this action seeking a declaratory judgment that it had no duty to defend or indemnify Yarmouth Lumber with respect to the Massachusetts claim.

Before and after filing this action, however, MEMIC appeared in Massachusetts to defend a claim by Hutton for workers' compensation made against MEMIC in Massachusetts. In the course of that proceeding, MEMIC asserted various defenses, including the asserted lack of coverage. After a hearing on October 6, 2006, the Massachusetts Administrative Judge denied Hutton's claim for compensation under the Massachusetts Workers' Compensation statute against MEMIC.[2]

In view of the foregoing, while the issue in this case has not necessarily become moot, it now appears that the primary issue is whether Yarmouth Lumber will be required to purchase additional coverage for any claims made against it by employees under the workers' compensation laws of other states.[3] MEMIC does not dispute that it is responsible for defending and insuring Yarmouth Lumber for claims brought before the Maine Workers' Compensation Board relating to out-of-state accidents.

---

[2] Hutton appealed the Massachusetts denial. After the instant motions were taken under advisement, however, MEMIC advised the court that Hutton has withdrawn his claim for benefits in Massachusetts.

[3] In its reply papers on summary judgment, MEMIC asserts that Yarmouth Lumber has never appeared in any Massachusetts workers' compensation proceeding, that the only Massachusetts proceeding was brought solely against MEMIC, and that the only defense cost claimed by Yarmouth Lumber in connection with the Massachusetts proceeding consists of a bill for $665 for consultation by Yarmouth Lumber with a Massachusetts lawyer. Because these assertions were made in reply papers, Yarmouth Lumber has not had an opportunity to respond to them.

<u>Discussion</u>

The parties have marshaled case law from at least sixteen other states to support their respective positions in this case and have pointed to several different lines of authority on the issues in question. In the court's view, however, the issue in this case can be decided by straightforward reading of the relevant policy language.

Part One of the police applies to workers' compensation insurance. It provides in pertinent part:

> **B.    We Will Pay**
>
> We will pay promptly when due the benefits required of you by the workers' compensation law.
>
> **C.    We Will Defend**
>
> * * *
>
> We have no duty to defend a claim, proceeding or suit that is not covered by this insurance.

"Workers' Compensation Law" is defined in Section C of the General Section of the policy. It means "the workers' or workmen's compensation law and occupational disease law of each state or territory named in Item 3.A. of the Information Page."

Item 3.A. of the Information Page states as follows:

> Part one of the policy applies to the workers' compensation law of the states listed here: Maine.

There is also a Part Three of the policy entitled "Other States Insurance." Part Three provides in pertinent part as follows:

> 1.  This other states insurance applies only if one or more states are shown in Item 3.C. of the Information Page.
>
> 2.  If you begin work in any one of those states after the effective date of the policy and are not insured or are not self-insured for such work, all provisions of the policy will apply as though that state were listed in Item 3.A. of the Information Page.

4

3. We will reimburse you for the benefits required by the workers' compensation law of that state if we are not permitted to pay the benefits directly to persons entitled to them.

Item 3.C. of the Information Page provides as follows: "Part Three of the policy applies to the states, if any, listed here: NONE."

From these provisions it follows that MEMIC's responsibility is to pay "the benefits required of [Yarmouth Lumber] by the workers' compensation law." Part One, Section B. Since workers' compensation law is defined in General Section C as the law of Maine, MEMIC is obligated under the policy to pay the benefits required by the Maine workers' compensation law. This would include benefits required by Maine workers' compensation law for injuries incurred out of state,[4] but it would not include benefits required by the workers' compensation law of Massachusetts or any other state.

This conclusion is reinforced by Part Three of the policy, which specifically addresses work conducted in another state and provides that MEMIC will pay or reimburse "benefits required by the workers' compensation law of that state" but only if that state is listed on Item 3.C. of the Information Page. Part Three, Sections A.1., A.3.

These provisions are unambiguous and therefore remove this case from the rule that ambiguous language should be construed against the insurer.[5] Yarmouth

---

[4] *See Dissell v. Trans World Airlines,* 511 A.2d 441 (Me. 1986).

[5] Yarmouth Lumber has provided the court with a copy of the Superior Court's decision in *Hanover Insurance Co. v. The Hartford Underwriters Insurance Co.,* CV-95-600, order filed August 20, 1996 (Saufley, J). In that case the court focused on language in a workers' compensation policy stating the policy "applies to" the workers' compensation law of Maine. Similar language is contained in the Information Page of the MEMIC policy in this case. If that were the only operative language, the court would agree with the decision in *Hanover.* In this case, however, the controlling language is that MEMIC will pay "the benefits required by . . . the [Maine] workers' compensation law" and that other states insurance applies "only" if another state is shown in Item 3.C. *See* Policy, Part One, Section B; Part Three, Section A.1. Those

5

Lumber's counter argument depends on the proposition that the Massachusetts workers' compensation agency can decide claims and award benefits under Maine's workers' compensation law. However, the court is aware of no support for the proposition that the Massachusetts workers' compensation agency either would be willing to decide cases under Maine law or would be equipped to decide cases under Maine law or would have jurisdiction to decide cases under Maine Law.

Yarmouth Lumber advances two other arguments that deserve brief comment. First, it notes that the estimated annual premium under the policy was based on a classification for "trucking – long distance," defined as hauling outside a radius of 200 miles. It argues that since MEMIC has been collecting premiums on that basis, it should not escape claims arising from such long-distance hauling. The answer to this, however, is that MEMIC is not escaping or trying to escape claims arising out of long-distance hauling so long as those claims are brought in Maine. Yarmouth Lumber asserts that all of its employee drivers are Maine residents and it is undisputed that all of those residents, wherever injured, can bring workers' compensation claims in Maine. MEMIC is required to defend and cover those claims, as it defended and covered Hutton's claim before the Maine Workers' Compensation Board. MEMIC's policy excludes only claims brought under the workers' compensation laws of other states.

Yarmouth Lumber also attaches great significance to 39-A M.R.S. § 102(11)(A)(2), which provides in pertinent part as follows:

> Employers who hire workers within this State to work outside the State may agree with these workers that the remedies under this Act are exclusive as regards injuries received outside this State arising out of and in the course of that employment; and all contracts of hiring in this State,

---

specific provisions control over the more general language on the Information Page that Part One "applies to" the workers' compensation law of Maine.

unless otherwise specified, are presumed to include such an agreement.

On its face, this provision would appear to provide a defense under Maine law to any workers' compensation claims brought by a Maine worker under the laws of another state. There may be a question as to whether a workers' compensation tribunal in another state would honor this policy. In any event, however, this provision simply does not speak to the issue of whether MEMIC has a duty to defend or indemnify if an employee of a Maine company makes a claim for worker's compensation in another state.[6]

Yarmouth Lumber's final suggestion is that even if MEMIC did not have an obligation to defend or indemnify Yarmouth Lumber under its workers' compensation coverage, it had an obligation to defend Yarmouth Lumber in any Massachusetts workers' compensation proceeding that might be brought against Yarmouth Lumber under the employer liability coverage contained in Part Two of the policy.[7] The problem with this argument is that Part Two coverage is expressly excluded "for any obligation imposed by a workers' compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law." Part Two, Section C.4 (emphasis added). This language unambiguously excludes from Part Two not just Maine's workers' compensation law, but also the workers' compensation laws of Massachusetts and any other state.

---

[6] Yarmouth Lumber argues that MEMIC breached its duty to defend Yarmouth Lumber by not raising 39-A M.R.S. § 102(11)(A)(2) in the Massachusetts workers' compensation proceeding. Since the court has concluded that MEMIC did not have a duty to defend Yarmouth Lumber in Massachusetts, it need not consider this argument. However, the summary judgment record indicates that MEMIC did raise § 102(11)(A)(2) in the Massachusetts proceeding. See MEMIC SMF ¶ 22 and MEMIC Ex. A8.

[7] The employer liability coverage provides coverage for claims brought by employees and dependents of employees in situations that are not subject to the workers' compensation laws.

Based on the foregoing discussion, MEMIC's motion for summary judgment will be granted and Yarmouth's cross motion will be denied. This necessarily resolves the claims asserted in MEMIC's complaint and in Counts I, II and V of Yarmouth Lumber's counterclaim. As far as the court can tell, the claims asserted in Counts III and IV of the counterclaim and Yarmouth Lumber's cross claim against Robert Hutton remain to be decided.

The entry shall be:

The motion for summary judgment by plaintiff Maine Employees Mutual Insurance Co. (MEMIC) is granted. Accordingly, the court declares that MEMIC was not required to provide coverage for any workers' compensation benefits due under Massachusetts workers' compensation laws and was not required to defend or indemnify any claim for Massachusetts workers' compensation benefits filed against Yarmouth Lumber by Robert Hutton. Defendant Yarmouth Lumber Company's cross motion for summary judgment is denied.

The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:     November _14_, 2007

_____
Thomas D. Warren
Justice, Superior Court

8

_plaintiff_

JOHN AROMANDO   ESQ
ONE MONUMENT SQUARE
PORTLAND ME 04101

JAMES MCCORMACK ESQ
4 MILK STREET SUITE 103
PORTLAND ME 04101

_Defendant_